UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| TYRONE DOUGLAS BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | C/A No.: 7:11-cv-03275-GRA <br> Cr. No.: 7:09-cr-00570-GRA <br><br> **ORDER** <br> (Written Opinion) |

This matter comes before the Court on Petitioner Tyrone Douglas Brown's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response. For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED.

**Background**

On April 15, 2009, Petitioner was indicted for a carjacking offense that occurred in February 2009. ECF No. 2.[1] On June 17, 2009, Petitioner pled guilty without a plea agreement to carjacking, 18 U.S.C. § 2119(1) (2006), and use of a firearm in connection with a crime of violence, 18 U.S.C. § 924(c) (2006). ECF Nos. 2 & 34.

---

[1] There are two relevant indictments in this case. The April 15, 2009 indictment relating to a carjacking, C/A No. 7:09-cr-00427-GRA-02, will be referred to as "*Brown I*." The May 12, 2009 indictment relating to drug possession charges, C/A No. 7:09-cr-00570-GRA, will be referred to as "*Brown II*."

Later that year, Petitioner was indicted on May 12, 2009 for offenses relating to a drug possession in April 2009. *See Brown II*, ECF No. 1. On July 16, 2009, Petitioner pled guilty without a plea agreement to possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(B) (2006). ECF Nos. 2 & 19. Prior to Petitioner's guilty plea on the drug charges, Respondent filed a notice of enhanced penalties pursuant to 21 U.S.C. § 851, notifying Petitioner that he was subject to an enhanced minimum penalty because he had a prior felony drug conviction in state court for possession of cocaine base. ECF No. 13. Thus, under § 851, Petitioner would be subject to a mandatory minimum sentence of ten years, if convicted of the drug possession charges in the May 12, 2009 indictment. *Id.*

One pre-sentence report ("PSR") was prepared for both indictments and filed on September 18, 2009. *Brown I*, ECF No. 39, *Brown II*, ECF No. 20. In assessing Petitioner's sentencing guideline range, the PSR included an § 851 enhancement for Petitioner's prior state conviction and an assessment of two points to Petitioner's criminal history category pursuant to U.S.S.G. § 4A1.1(e) for committing the instant offense less than two years after being released from imprisonment. *Id.*

On November 6, 2009, the Honorable Henry Floyd sentenced Petitioner to a term of two hundred and four months imprisonment. *Brown I*, ECF No. 46; *Brown II*, ECF No. 23. This sentence consisted of a mandatory minimum sentence of one hundred and twenty months for drug possession for *Brown II*,

ECF Nos. 2 & 23, plus a consecutive eighty-four month sentence for the carjacking for *Brown I*, ECF Nos. 2 & 46. Petitioner's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on June 30, 2011. *See United States v. Brown*, 436 F. App'x 208 (4th Cir. 2011). On December 1, 2011, Petitioner filed his § 2255 Motion, seeking to vacate, set aside, or correct his current sentence on the grounds that intervening case law states that his prior conviction for possession of crack cocaine is not a crime "punishable by imprisonment exceeding one year," and therefore, the sentence enhancement under 21 U.S.C. § 851 does not apply.[2] *Brown II*, ECF No. 43.

## Standard of Review

Petitioner brings this Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

---

[2] Petitioner also makes an argument that the change in law constitutes an intervening change in law, which permits him to file a § 2255 motion over a year after his conviction became final. This Court finds that Petitioner's motion is timely. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003); Rule 13(1) of the Rules of the Supreme Court of the United States. The Fourth Circuit Court of Appeals affirmed Petitioner's judgment on June 30, 2011. *Brown*, 436 Fed. App'x 208 (4th Cir. 2011). Petitioner filed his § 2255 motion well before the one-year deadline.

Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court

must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

## Discussion

Petitioner contends that, based on an "intervening change in the law," the sentencing enhancement under 21 U.S.C. § 851 does not apply in his case because his prior drug conviction does not constitute a crime "punishable by imprisonment exceeding one year" as defined in 21 U.S.C. § 841. To support this position, Petitioner cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). Petitioner argues that *Simmons* and *Holder* stand for the proposition that his 2006 conviction did not constitute a "felony drug offense" pursuant to 21 U.S.C. § 802 (44) (2006), because his sentence was not "for more than one year" as required under the statute, and unless the state offense is punishable as a felony drug offense, that state offense does not count as a felony for the purposes of the sentencing enhancement under 21 U.S.C. § 851. This Court disagrees.

The United States Supreme Court has held that 21 U.S.C. § 802(44) defines the term "felony drug offense" for purposes of the Controlled Substance Act as "an offense involving specified drugs [including cocaine base] that is 'punishable by imprisonment for more than one year under any law of the United States or of a State.'" *Burgess v. United States*, 128 S. Ct. 1572, 1575 (2008); 21 U.S.C. § 802 (44) (2006) (quoting 21 U.S.C. § 802(44) (2006)). Crack cocaine is a Schedule II narcotic drug. 21 U.S.C. § 802 (17)(F) (2006).

In South Carolina, a person possessing less than one gram of crack "must be imprisoned not more than three years or fined not more than five thousand dollars, or both." S.C. Code Ann. § 44-53-375 (A) (2002 & Supp. 2011). Petitioner pled guilty to this offense. He was sentenced to twelve months imprisonment, which was suspended to twelve months probation. *Brown II*, ECF No. 13. The three year maximum term of imprisonment places this offense within the definition of a felony drug offense in 21 U.S.C. § 802 (44).

Petitioner's argument that his prior offense does not qualify as a felony drug offense under *Simmons* and *Holder* has no merit. *Simmons* and *Holder* stand for the proposition that an offense does not constitute a felony drug offense if the defendant could not have actually received more than one year of imprisonment for that offense, based on his criminal history and other factors. *Simmons*, 649 F.3d at 243–44; *Holder*, 130 S. Ct. at 2586. However, in this case, Petitioner's offense could be punished by up to three years imprisonment. Therefore, this Court finds that possession of crack cocaine is a felony drug offense within the meaning of 21 U.S.C. § 851.

## **Conclusion**

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[2]

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 11, 2012
Anderson, South Carolina

---

Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).